NEW-YORK,
Nov. 1810.

GRAY
v.
GOODRICH.

---

## GRAY against GOODRICH.

IN error, on *certiorari*, from a justice's court.

*Gray* was sued by *Goodrich*, in the court below, for a *deceit* or *fraud* in the exchange of horses. The defendant pleaded the general issue; and claimed damages on his side. There was a trial by jury. There was some slight evidence tending to show a *scienter*. *Gray*, on being asked if the horse was sound, answered, he was, for aught he knew: and he boasted, afterwards, that he had made a great bargain. The justice also admitted, in evidence, the declarations of a person deceased, who was a witness to the bargain.

Testimony as to the declarations of a person deceased, unless made on oath, or *in extremis,* when he came to a violent end, is inadmissible.

This was objected to. The jury found a verdict for the plaintiff, on which the justice gave judgment.

The cause was submitted to the court without argument.

*Per Curiam.* The testimony to establish the *scienter* (even admitting the declaration of the deceased person) was rather loose. The hearsay evidence was, however, the strongest; and coming from a person called as a witness to the bargain, had, probably, the greatest influence with the jury. This evidence was clearly inadmissible. The law requires the sanction of an oath to all *parol* testimony. It never gives credit to the bare assertion of any one, however high his rank, or pure his morals. The cases of pedigree, prescription, or custom, are exceptions to the general rule. The person from whom the declarations came being dead, cannot vary the case essentially; it is still not a relation upon oath. What a deceased person has been heard to say, except upon oath, or *in extremis*, when he came to a violent end, never has been considered as competent evidence. The judgment must, therefore, be reversed.

Judgment reversed.