## SPATZ *vs.* LYONS.

Although, in an action to recover damages for injuries inflicted on the plaintiff's wife, by the defendant, which caused her death, a statement made by the wife to the plaintiff, respecting the assault, immediately after it occurred, might be admissible in evidence, as part of the *res gestæ*, to show who the person was that committed the assault, yet a conversation held with the plaintiff by the wife, the next day, cannot be received.   BRADY, J., dissented.

Nor is such a statement admissible as the dying declarations of the deceased; such declarations being admissible only in cases of trial for the homicide of the person making them, and then only where the person was acting under a full conviction that the wound was mortal, and that death would speedily ensue.

It is not sufficient ground for admitting hearsay evidence, for such a purpose, that it is a matter of necessity, because no other proof can be procured.

Hence it cannot be received on the ground of necessity, in an action for a personal injury, to prove an assault committed a short time previous, even though the party assaulted has since died.

A judge, at the trial, may entertain a motion for a new trial, on his minutes, either on exceptions or for insufficient evidence, or for excessive damages. If for either of these reasons he is satisfied that he erred on the trial, it is his duty to grant the motion.

Whatever would be a sufficient ground for setting aside a verdict, will justify an order granting a motion for a new trial.

The case of *Goodwin* v. *Hamson* (1 *Root,* 80) disapproved.

THIS action was brought to recover damages for injuries alleged to have been inflicted on the plaintiff's wife by the defendant, which caused her death.

Spatz *v.* Lyons.

Upon the trial of the cause, the statement made by the wife to the plaintiff, after she had returned to her home, was offered in evidence. This evidence was admitted to show who the person was that committed the assault; and the conversation as to the defendant was on the day after the assault. The admission of the evidence was excepted to by the defendant.

The defendant moved for a dismissal of the complaint, which was refused, and the case was submitted to the jury, who found for the plaintiff. Afterwards the defendant moved for a new trial on the judge's minutes, and the same was granted. From this order the plaintiff appealed.

*Wm. L. Headley,* for the appellant.

*Crooke & Bergen,* for the respondent.

INGRAHAM, P. J. The decision of this appeal necessarily involves the validity of the exceptions taken on the trial. No cause is assigned by the justice for granting a new trial, and whatever would have been a sufficient ground for setting aside the verdict would justify the order appealed from.

Had the evidence objected to been a conversation with the deceased immediately after the occurrence, it might have been admissible as part of the *res. gestœ.* Even such conversations have been held inadmissible by some judges; but I know of no case in which conversations held the next day, with the injured party, have ever been received.

The judge appears to have admitted it under the authority of *Goodwin* v. *Hamson,* (1 *Root,* 80;) but that case has not been sanctioned by our courts. The propriety of that ruling is not attempted to be sustained by the plaintiff's counsel, in his points. It was not admissible as part of the *res gestœ,* because it did not take place either at the time of the supposed injury or immediately after. In fact

Spatz *v.* Lyons.

it was not until the next day, when the plaintiff and his wife had been out in search of the person upon whom to charge the assault; and this statement was made after they had seen the defendant. Nor was it admissible as the dying declarations of the deceased, because such declarations are only admissible in cases of trial for the homicide of the party making them, and then only where the person was acting under a full conviction that the wound was mortal, and that death would speedily ensue.

The ground suggested, that it was a matter of necessity, because no other proof could be procured, has never yet been considered in this State a sufficient ground for admitting hearsay evidence for such a purpose as this. It is admissible in cases of pedigree, and for proving matters connected with titles to land of a period anterior to that of any living witnesses, but that rule would not sanction its admission from necessity, in an action to prove an assault committed a short time previous, even though the party assaulted had since died.

It is urged on the part of the plaintiff that as the justice refused to dismiss the complaint on the trial, therefore he should not have set aside the verdict as against evidence. It does not appear from the case on what ground the motion was granted. He may entertain such a motion on his minutes, either on exceptions, or for insufficient evidence, or for excessive damages. If for either of these reasons he is satisfied that he erred on the trial, it is his duty to grant the motion.

I think it very clear that the evidence of the wife's declarations should not have been admitted; that the judge should have stricken out that evidence when so requested; that there was no other evidence on which the verdict could be sustained; and that the verdict was properly set aside and a new trial ordered.

The order appealed from should be affirmed, with costs.

Spatz *v.* Lyons.

Geo. G. Barnard, J. I concur, upon the following authority: *Gray* v. *Goodrich*, (7 *John.* 95.)

Brady, J., (dissenting.) The evidence on the part of the plaintiff shows that his wife came home ill; that she complained of an assault having been committed upon her by a man who had around him several dogs; that her person exhibited signs of injury, and that she complained of the injury received; that she gave an account, in detail, of the occurrence, describing the offender as a man with dogs who had assaulted her; that she then, at her husband's request, after a little while, went out with him to find the man; that they went to the place at which the assault had been perpetrated; that there were evidences of a struggle there, and that they found the defendant within three hundred feet from the place, with his dogs, whom she at once identified as the person by whom she had been injured. This testimony, so far as it embraces the declarations of the plaintiff's wife in the account of the occurrence and the recognition of the defendant by her, were, in my judgment, within the exception to the rule against hearsay evidence, as a part of the *res gestæ*, from the necessity of the case. In case for giving the plaintiff a dose to intoxicate and inflame her passions, her declarations the next morning after the dose was administered, made to the mother, were held to be admissible, but as an exception to the rule. (*Goodwin* v. *Hamson*, 1 *Root*, 80.) That decision is cited in *Cowen & Hill's Notes on Phil. Ev. (vol.* 2, *p.* 587,) and not questioned. In *Thompson and wife* v. *Trevanion*, (*Skin. Rep.* 402,) which was an action for injuries to the wife, Ch. J. Holt allowed what was said by her immediately upon the hurt, and before she had time to devise or contrive anything for her own advantage, to be given in evidence. That case was cited with approbation by Lord Ellenborough, in *Avison* v. *Ld. Kinnaird*, (6 *East*, 194,) and is referred to in the text in

*Phillips*, 232. In these cases the evidence was no doubt admitted from necessity, and from its being within the rule that concomitant declarations may be received as a part of the occurrence to which they relate. (1 *Greenl. Ev.* § 110.) A similar exception to a well established rule, founded upon necessity, prevails in actions for divorce, and which allows the wife to prove the violence of the husband, where no one was present.

The plaintiff's wife died on the 25th January, 1867, at which time she could not have been a witness for her husband—a disability which was not removed until after her death, and on the 10th May, 1867. (*Laws of 1867, vol. 2, p.* 2221.) The statement of the plaintiff's wife was made within a few minutes after she came home, and a short time after the assault, and before she had time to devise or contrive anything for her own advantage. It was concomitant with the occurrence, therefore, in legal contemplation. (*Cases supra.*) The same observation applies to the identification of the defendant as the wrongdoer. She went in search of him and found him, on the day of the assault, at the place designated. There is no doubt of this, on the testimony. The plaintiff said, on cross-examination, "I was sure about what my wife tell me—that is the dogs and that is the man; that is why I wanted him to come over to my house;" which the defendant did do, *the next day.*

The necessity out of which this exception to the rule arose existed in this case. The wife could not be a witness, and for aught that appears, no one was present when the assault was made. The evidence in the case, aside from her declarations, was sufficient to show that she had been injured, and by some unusual circumstance, and the charge against the defendant derived support from his conduct and character. He gave a false name to the plaintiff, and falsely stated his place of residence, and when found was surrounded by his dogs, which strength-

ened the truthfulness of the wife's story and identification. The presiding justice, in submitting the case to the jury, told them they must be satisfied from other evidence in the case than the wife's statements when she came home, of the defendant's liability, and that upon the mere allegation of a woman out of court, and not under oath, a man was not to be found guilty, nor adjudged to pay damages.

The cases to which we were referred by the defendant's counsel, on the argument, are entirely different from this case, and are authorities only upon the general rule as to hearsay declarations and declarations *in extremis*. This case, and the cases which have been cited, rest not on the rule, but the exception to it. I think the whole subject was properly left to the jury; that the verdict should not be disturbed, and that the judgment should be affirmed.

Order appealed from affirmed.

[NEW YORK GENERAL TERM, January 3, 1870. *Ingraham, Geo. G. Barnard* and *Brady*, Justices.]