Hyatt, J.
This action was brought to recover the sum of sixty dollars upon an alleged contract to pay for certain advertising.
While the jury were deliberating they sent to the judge, in writing, the following question: ‘'If the plaintiff’s paper-was left at the defendants’s place of business, with the-advertisement in it, are we charged to find for plaintiff % ” to which he replied, also in writing, as follows:
" If the defendant had knowledge that the advertisement, was contained in the newspaper, and made no objection to-it, but continued to allow such publication to be continued.’'
*509 This instruction, while incomplete in phraseology, meant yes.
If the charge of the court was correct, the verdict was certainly contrary to the evidence.
The charge of the learned judge, in reply to the question put by the jury, made it incumbent upon them, in order to. render a verdict for the plaintiff, to find as matter of fact that “the defendant had knowledge that the advertisement was contained in the newspaper.” In order to enable them to find that fact, it was necessary that there should be some evidence in the case that the defendant had such knowledge.
There is no such evidence; all the evidence tends to show that the defendant had no knowledge whatever upon the subject.
But the court erred in its charge to the jury; it was contrary to law The jury were out and evidently, from their question, were unable to find a contract between the parties; then they asked the court for the above instruction. The instruction given was error.
The law of contract or of publications is correctly set forth in the case of Dake v. Patterson (5 Hun, 558), to wit:
- “If the publisher continued to insert the advertisement after the time, he cannot recover, unless the original agreement has been extended or a new one made.”
“ The fact that the paper is taken by the person for whose benefit it is inserted, cannot be construed into a promise to pay, even after its publication is brought to his knowledge.”
In this case the verdict is contrary to law. A motion was made for a new trial on such ground and entertained by the judge; having entertained it and denied it, it is now properly before the general term for review, whether or not an exception was taken to the ruling of the court. The whole case being before us, we find the verdict contrary to law. Spatz v. Lyons, 55 Barb., 476.
If the verdict is contrary to law, the party aggrieved is entitled to have it set aside on a motion for a new trial on the minutes, although he has taken no exceptions. Tate v. McCormick, 23 Hun, 218.
A motion was made to set aside the verdict of the jury upon the ground that, and because the verdict of the jury was contrary to the evidence and contrary to law, and because the court erred in its charge to the jury and misdirected the law
This motion was denied; such denial was error; it follows, therefore, that the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.
McAdam, Oh. J., concurs.